UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEIL EMERY,

        Petitioner,         Case No. 21-12673

v.        HON. MARK A. GOLDSMITH

RANDEE REWERTS,

        Respondent.
_____/

**OPINION & ORDER
(1) DISMISSING WITHOUT PREJUDICE THE PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING CERTIFICATE OF APPEALABILITY, AND (3) DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Neil Emery (Petitioner) was convicted of delivery of methamphetamine, Mich. Comp. L. § 333.7401(2)(b)(i), following a jury trial in Michigan's Roscommon County Circuit Court. In 2019, he was sentenced for a second or subsequent drug offense, Mich. Comp. L. § 333.7413(1), to 12 to 40 years' imprisonment.

In his pro se petition, he raises claims concerning the admission of a lab report and his confrontation rights, the admission of alleged hearsay, the effectiveness of defense counsel for failing to object to alleged trial and sentencing errors, the validity of his sentence, and the exchange of emails between defense counsel and the prosecutor at trial. For the reasons set forth below, the Court concludes that Petitioner has not properly exhausted state-court remedies as to all of his habeas claims, and it dismisses without prejudice the habeas petition. The Court also denies a certificate of appealability and denies leave to proceed in forma pauperis on appeal.

## I. BACKGROUND

Following his conviction and sentencing, Petitioner filed with the Michigan Court of Appeals an appeal of right raising his first four habeas claims. The Michigan Court of Appeals denied relief as to those claims and affirmed Petitioner's conviction and sentence. People v. Emery, No. 348127, 2020 WL 7413590 (Mich. Ct. App. Dec. 17, 2020). Petitioner also filed with the Michigan Supreme Court an application for leave to appeal, in which he raised the same claims. The Michigan Supreme Court denied leave to appeal in a standard order. People v. Emery, 959 N.W.2d 504 (Mich. 2021). Petitioner then dated his federal habeas petition on November 1, 2021 (Dkt. 1).

## II. ANALYSIS

### A. Habeas Petition

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. See 28 U.S.C. §§ 2254(b)(1)(A), (c); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). A Michigan prisoner must raise before the state courts each issue he or she seeks to present in a federal habeas proceeding. See Dombkowski v. Johnson, 488 F.2d 68, 70 (6th Cir. 1973). The claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000). Accordingly, a petitioner "must present [his or her] claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law." Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). Each issue must be presented to

2

both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. Hafley v. Sowders, 902 F.2d 480, 483 (6th Cir. 1990); Welch v. Burke, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999). Petitioner has the burden to prove exhaustion. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994).

Petitioner has not met his burden of demonstrating exhaustion of state-court remedies. Rather, he admits that he has not presented his fifth habeas claim to any of the Michigan courts for consideration. Pet. at PageID.12–13. He has thus failed to exhaust his fifth habeas claim in the state courts before proceeding on federal habeas review.

Generally, a federal district court should dismiss a "mixed" habeas petition, meaning one that contains both exhausted and unexhausted claims, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy, 455 U.S. 509, 510 (1982). While the exhaustion requirement is strictly enforced, it is not a jurisdictional prerequisite for bringing a habeas petition. See Granberry v. Greer, 481 U.S. 129, 134–135 (1987). For example, an unexhausted claim may be addressed if pursuit of state-court remedies would be futile, see Witzke v. Withrow, 702 F. Supp. 1338, 1348 (W.D. Mich. 1988), or if the unexhausted claim is meritless such that addressing it would be efficient and not offend federal-state comity, see Prather v. Rees, 822 F.2d 1418, 1422 (6th Cir. 1987); see also 28 U.S.C. § 2254(b)(2) (explaining that a habeas petition may be denied on the merits despite a petitioner's failure to exhaust state-court remedies).

Additionally, a federal district court has discretion to stay a mixed habeas petition to allow a petitioner to present his or her unexhausted claims to the state courts in the first instance and then

3

return to federal court on a perfected petition. Rhines v. Weber, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances," such as when the petitioner demonstrates "good cause" for the failure to exhaust state-court remedies before proceeding in federal court, and the unexhausted claims are not "plainly meritless." Id. at 277. In Rhines, the United States Supreme Court adopted the stay and abeyance procedure specifically to address the situation when outright dismissal of a habeas petition could jeopardize the timeliness of a future petition following the exhaustion of state remedies. Id. at 275 (noting that if the court dismissed the habeas petition "close to the end of the 1-year [statute of limitations period applicable to federal habeas actions], the petitioner's chances of exhausting his claims in state court and refiling his petition in federal court before the limitation period [expired would be] slim"). Stay and abeyance is thus generally reserved for cases where the one-year statute of limitations period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) is likely to expire before a habeas petitioner can return to state court to exhaust additional claims and then return to federal court on an amended petition.

Petitioner has available remedies in the Michigan courts that must be exhausted before proceeding in federal court. For example, he may file a motion for relief from judgment pursuant to Michigan Court Rule 6.502 raising his unexhausted claim before the state trial court and then pursue that claim in the state appellate courts as necessary.

Moreover, the one-year statute of limitations applicable to federal habeas actions, see 28 U.S.C. § 2244(d), does not pose a problem for Petitioner as long as he pursues his state-court remedies in a prompt fashion. The one-year period did not begin to run until 90 days after the conclusion of direct appeal on or about August 30, 2021. Lawrence v. Florida, 549 U.S. 327, 333

4

(2007); Bronaugh v. Ohio, 235 F.3d 280, 285 (6th Cir. 2000). The one-year period then ran until November 1, 2021 when Petitioner dated his federal habeas petition for mailing by prison officials. Consequently, just over two months of the one-year period had run when he instituted this action. While the time in which his habeas case is pending in federal court is not statutorily tolled, see Duncan v. Walker, 533 U.S. 167, 181–182 (2001) (holding that a federal habeas petition is not an "application for State post-conviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such time is equitably tolled by federal courts. See Johnson v. Warren, 344 F. Supp. 2d 1081, 1088–1089 (E.D. Mich. 2004). The one-year period will also be tolled while any properly filed state post-conviction or collateral actions are pending. See 28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219–221 (2002). Petitioner has time in which to fully exhaust his habeas claims in the state courts and then return to federal court on a perfected petition should he wish to do so. A stay is unnecessary.

Additionally, while there is no evidence of intentional delay, Petitioner fails to establish good cause for not exhausting all of his claims in the state courts before seeking federal habeas review. The fact that defense counsel did not raise Petitioner's unexhausted claim at trial or on direct appeal, while perhaps establishing cause for that procedural default, does not excuse Petitioner's failure to exhaust the claim on state collateral review before proceeding in federal court. The lack of a legal education and ignorance of the law do not constitute good cause for the failure to exhaust state remedies. See Allen v. Yukins, 366 F.3d 396, 403 (6th Cir. 2004); Kint v. Burt, No. 2:05-CV-74822-DT, 2007 WL 763174, at *2 n.1 (E.D. Mich. March 9, 2007).

Further, Petitioner's unexhausted claim potentially concerns a matter of federal law and may not be plainly meritless. His unexhausted claim should be presented to, and addressed by,

the state courts in the first instance. Otherwise, the Court cannot apply the standard of 28 U.S.C. § 2254.

### B. Certificate of Appealability

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253. Fed. R. App. P. 22. Rule 11 of the Rules Governing Section 2254 Proceedings requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11 of the Rules Governing § 2254 Proceedings. A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies a habeas claim on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484–485 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a certificate of appealability.

### C. Leave to Proceed In Forma Pauperis on Appeal

A court may grant an application for leave to proceed in forma pauperis on appeal if it finds that an appeal can be taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(2). The Court concludes that an appeal from this decision cannot be taken in good faith. Accordingly, the Court denies leave to proceed in forma pauperis on appeal.

### III. CONCLUSION

For the reasons stated above, the Court concludes that Petitioner has not exhausted state-court remedies as to his fifth habeas claim and that a stay of the proceedings is unwarranted. Accordingly, the Court dismisses without prejudice the habeas petition. If Petitioner wishes to delete the unexhausted claim and proceed only on the exhausted claims, he may move to reopen this case and amend his habeas petition to proceed only on the exhausted claims within 30 days of the filing date of this order. The Court makes no determination as to the merits of his claims.

The Court also declines to issue a certificate of appealability and denies Petitioner leave to proceed in forma pauperis on appeal.

SO ORDERED.

Dated: April 6, 2022  s/Mark A. Goldsmith
Detroit, Michigan  MARK A. GOLDSMITH
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 6, 2022.

s/Karri Sandusky
KARRI SANDUSKY
Case Manager